IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHI YANG ZHOU, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>JIANG DAVID, et al.,<br><br>   Defendants. | Case No.: C09-6059 JSC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER (Dkt. No. 77)** |

Now pending before the Court is Plaintiffs' motion for a protective order directing Defendants to depose Plaintiff Tony Chen telephonically. (Dkt. No. 77.) Tony Chen was scheduled for a deposition on February 1, 2012 at 10:30 a.m. This scheduled deposition did not occur because, according to Plaintiffs' counsel, he "was tied up in an appearance in the Bankruptcy Court that went unexpectedly long." (Dkt. No. 77.) Plaintiffs argue that Tony Chen should not have to travel from out of state for a rescheduled deposition because Defendants refused to accommodate Plaintiffs by deposing Tony Chen at 1:00 p.m. when Xue-Yun Chen was scheduled to be deposed.

Plaintiffs' motion for a protective order is DENIED. The February 1, 2012 depositions were scheduled to commence at 9:00 a.m. with Zhi-Yang Zhou followed by Tony Chen at 10:30 a.m. and Xue-Yun Chen at 1:00 p.m. Rather than appear for those depositions, as

agreed, Plaintiffs' counsel Adam Wang chose to attend a bankruptcy court proceeding, and he did not advise Defendants that he was unavailable until 10:28 a.m, nearly an hour and a half after the depositions were scheduled to commence.  Even then he merely reported that he was "caught up with a CMC in bankruptcy court" and would be there as soon as he was done.  (Dkt. No. 76-3 at 2.)  Defendants' counsel ended the depositions, and sent the court reporter and translator home, at 11:00 a.m.—two hours after Plaintiffs' counsel was supposed to have appeared.  As Defendants were under no obligation to keep waiting for Plaintiffs' counsel, it is squarely Mr. Wang's responsibility that Tony Chen's deposition did not go forward.

Further, Mr. Wang's representation that he was late to the depositions because the bankruptcy proceeding—Adversary Proceeding 11-4298 in the Northern District of California—"went unexpectedly long" is misleading at best.  While the bankruptcy proceeding may have been unexpectedly long, that is not why he did not appear at Defendants' counsel's office at 9:00 a.m. as he had agreed to do.  Rather, the docket reflects that on January 18, 2012, the bankruptcy court held a status conference in the Adversary Proceeding and Mr. Wang did not appear.  At Mr. Wang's request, the bankruptcy court thereafter continued the status conference to February 1, 2012 at 9:30 a.m.—precisely the time he was supposed to be defending the depositions in this matter.  In re Cameron, A.P. No. 11-4298, Jan. 23, 2012 Order (Dkt. No. 10).

Accordingly, should Defendants wish to depose Tony Chen, Mr. Chen must appear in person for the deposition.  As all parties in this case must appear in person for the April 5, 2012 Settlement Conference scheduled before Judge Zimmerman, Tony Chen's deposition, if sought, shall take place at the office of Defendants' counsel on April 4, 2012.

**IT IS SO ORDERED.**

Dated:  March 20, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

2