IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHI YANG ZHOU, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JIANG DAVID, et al.,<br><br>　　　　Defendants. | Case No.: C09-6059 JSC<br><br>**ORDER ON DEFENDANTS' MOTIONS FOR SANCTIONS AND TO COMPEL DEPOSITIONS (Dkt. Nos. 71, 72)** |

Now pending before the Court are Defendants' motions 1) for sanctions against Plaintiff in the form of dismissal of the action or, in the alternative, $2,762.50 and 2) to compel the depositions of Plaintiffs Zhi Yang Zhou, Tony Q. Chen, and Xue-Yun Chen ("Deponents") before April 1, 2012. (Dkt. Nos. 71, 72.) After carefully considering the briefs and argument of counsel, the Court concludes that oral argument is unnecessary, see L.R. 7-1(b), and orders Deponents' counsel, Adam Wang, to pay Defendants $1,495 in sanctions.

**DISCUSSION**

All three deponents failed to appear for their January 25, 2012 depositions as noticed; accordingly, the parties agreed to reschedule their depositions for February 1, 2012. The depositions were scheduled to commence at 9:00 a.m. with Zhi-Yang Zhou, followed by Tony Chen at 10:30 a.m. and Xue-Yun Chen at 1:00 p.m. Rather than appear for those depositions,

1  as agreed, Plaintiffs' counsel Adam Wang chose to attend a bankruptcy court status
2  conference. He did not advise Defendants that he was unavailable for the previously-
3  scheduled depositions until 10:28 a.m—nearly an hour and a half after the depositions were
4  scheduled to commence. Even then he merely reported that he was "caught up with a CMC in
5  bankruptcy court" and would appear for the depositions as soon as he was done. (Dkt. No. 76-
6  3 at 2.) At 11:00 a.m., when Mr. Wang still had not appeared, Defendants' counsel ended the
7  depositions and sent the court reporter and translator home. (Dkt. No. 71 at 5.)

8        In support of their argument that dismissal is an appropriate sanction, Defendants cite
9  Collins v. Illinois, 554 F.3d 693, 696 (7th Cir. 2009) (finding case dismissal an appropriate
10 sanction when "the party's actions [during discovery] displayed willfulness, bad faith, or
11 fault"); Henry v. Gill Industries, Inc., 983 F.2d 943, 949 (9th Cir. 1993) (holding that
12 dismissal was a proper sanction where plaintiff refused for eight months to be deposed,
13 previous sanctions failed, and plaintiff otherwise thwarted discovery); FDIC v. Conner, 20
14 F.3d 1376, 1382 (5th Cir. 1994) (upholding monetary sanctions against an attorney where a
15 court's discovery order was proper, and its violation led to the expenses addressed in the
16 sanction); and Hyde & Drath v. Baker, 24 F.3d 1162, 1172 (9th Cir. 1994) (holding a law firm
17 jointly and severally liable for sanctions issued after clients repeatedly failed to attend court-
18 ordered depositions). The conduct in these cases is distinguishable from this case because the
19 Deponents have not violated a court order and only cancelled one previously scheduled
20 deposition on January 25, 2012.

21       At the Case Management Conference on February 16, 2012, however, the Court
22 ordered Deponents to appear for their depositions with counsel on March 19, 2012. (Dkt. No.
23 73.) If Zhi Yang Zhou, Xue-Yun Chen, and their counsel do not appear as ordered,
24 Defendants may renew their motion for a further sanction. On March 17, 2012, Plaintiffs filed
25 a motion for a protective order seeking permission to depose Tony Chen telephonically. (Dkt.
26 No. 77.) The Court denied this motion (Dkt. No. 79) but will permit Tony Chen to appear in
27 person for his deposition in conjunction with his appearance at the April 5, 2012 Settlement
28 Conference before Judge Zimmerman.

While dismissal is not yet appropriate, monetary sanctions against Mr. Wang are warranted. The Court finds that Mr. Wang agreed to commence the depositions at a time when he was scheduled to appear in bankruptcy court, and he did not notify Defendants' counsel in advance of his conflict. As a result of Mr. Wang's conduct, Defendants incurred the costs of a court reporter and a translator, as well as attorney time wasted while waiting for Mr. Wang to appear as he had agreed. Federal Rule of Civil Procedure 30(d)(2) states that a sanction, "including the reasonable expenses and attorney's fees incurred by any party," may be imposed "on a person who impedes, delays, or frustrates the fair examination of the deponent." Plaintiffs argue against additional sanctions because the depositions were scheduled at the offices of Defendants' counsel such that he "was not kept in any way from attending to other matters." (Dkt. No. 75 at 3.) Plaintiffs admit, however, that Defendants' counsel was not advised to even expect a delay until nearly 10:30 a.m., and even then Plaintiffs' counsel did not give any indication of when he would arrive. As Defendants' counsel was waiting for Mr. Wang from 9:00 a.m., when the depositions were scheduled to begin, until 11:00 a.m., when Defendants cancelled the depositions on the record, Mr. Wang is responsible for at least two hours of Defendants' counsel's time.

Moreover, Mr. Wang's representation that he was late to the depositions because the bankruptcy proceeding—Adversary Proceeding 11-4298 in the Northern District of California— "went unexpectedly long" (Dkt. No. 76 at ¶ 3) is misleading at best. While the bankruptcy proceeding may have been unexpectedly long, that is not why Mr. Wang did not appear at Defendants' counsel's office at 9:00 a.m. as he had agreed to do. Rather, the docket reflects that on January 18, 2012, the bankruptcy court held a status conference in the Adversary Proceeding, and Mr. Wang did not appear. At Mr. Wang's request, the bankruptcy court thereafter continued the status conference to February 1, 2012 at 9:30 a.m.—precisely the time Mr. Wang was supposed to be defending the depositions in this matter. In re Cameron, A.P. No. 11-4298, Jan. 20, 2012 Order (Dkt. No. 10).

Accordingly, the Court orders Adam Wang to pay $910 to Defendants as a sanction for his failure to appear on time to the February 1, 2012 scheduled depositions. This amount

3

represents two hours of Defendants' counsel's time at a billing rate of $195 per hour together with the fees for the court reporter and interpreter that Mr. Wang previously agreed to pay. He shall also pay for an additional three hours of Defendants' counsel's time incurred in bringing these motions for sanctions and to compel for a total sanction of $1,495.  This sanction shall be paid to Defendants on or before April 6, 2012.

This Order disposes of Docket Numbers 71 and 72.

**IT IS SO ORDERED.**

Dated:  March 20, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE