IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHI YANG ZHOU, et al., | Case No.: C09-6059 JSC |
| Plaintiffs, | **ORDER DENYING TERMINATING SANCTIONS AGAINST XUE YUN CHEN (Dkt. No. 82)** |
| v. | |
| JIANG DAVID, et al., | |
| Defendants. | |

Now pending before the Court is Defendants' motion for terminating sanctions against Plaintiff Xue Yun Chen ("Plaintiff") and $2,195 in related attorney's fees and costs. (Dkt. No. 82.) After carefully considering the parties' written submissions, the Court DENIES Defendants' motion for terminating sanctions against Xue Yun Chen. The Court will determine alternative appropriate sanctions, including attorney's fees and costs, after the hearing on May 3, 2012. In the interim, Plaintiff is ordered to appear with counsel for a deposition at a time and place convenient for Defendants.

**BACKGROUND**

Defendants contend that Xue Yun Chen should be dismissed as a Plaintiff because she missed three depositions on January 25, February 1, and March 19, 2012. (Dkt. No. 82 at 7.) Defendants previously brought a sanctions motion regarding the January 25 and February 1

dates (Dkt. No. 71), on which the Court ruled (Dkt. No. 80.) At this time, the Court considers whether the third missed deposition date on March 19 is egregious enough to justify terminating sanctions against Plaintiff.

At the Case Management Conference on February 16, 2012, the Court ordered Plaintiffs Zhi Yang Zhou, Xue Yen Chen, and Tony Chen to appear for their depositions with counsel on March 19, 2012. (Dkt. No. 73.) Plaintiff was in China caring for a sick relative at the time of both the case management conference and the March 19 deposition date and only returned on April 4, 2012 to attend the settlement conference on April 5, 2012. (Dkt. No. 95 at 4.) Defendants assert that since fact discovery closed April 1, 2012, they cannot now depose Plaintiff and then adequately prepare for trial. (Dkt. No. 97 at 2.) Plaintiff counters that Defendants are not prejudiced by a delayed deposition from Plaintiff, who is now back from China and available to be deposed with minimal notice. (Dkt. No. 95 at 3.)

## DISCUSSION

Federal Rule of Civil Procedure 37 permits the court to impose sanctions—including dismissal—on a party that fails to attend a properly noticed deposition. Fed. R. Civ. P. 37(d). Circumstances must "overcome the strong policy favoring disposition of cases on their merits" to justify terminating sanctions. U.S. for Use of Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc., 857 F.2d 600, 605 (9th Cir. 1988). In addition, the "harsh sanction" of dismissal, even for "a party's repeated failure to appear for deposition," is only proper when the failure "is due to the willfulness, bad faith, or fault of the party." Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang, 105 F.3d 521, 525 (9th Cir. 1997).

The Court must also consider:

> (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.

Hyde v. Drath & Baker, 24 F.3d 1162, 1166 (9th Cir. 1994). The first three factors weigh in favor of dismissing Plaintiff from this case. The missed depositions have hampered the speedy resolution of this case, the Court's docket had to accommodate the resulting motions

for court-ordered depositions and sanctions, and Defendants have experienced some prejudice by not having Plaintiff's deposition prior to the close of fact discovery and the further settlement conference. The last two factors, however, tip strongly in favor of Plaintiff.

Based on the specific circumstances involving this Plaintiff, the Court is unpersuaded that the ultimate sanction of dismissal is warranted here. Only the March 19 deposition was court-ordered, and Plaintiff's presence in China at both the time of the order and the deposition supports an inference that she did not willfully miss the deposition in bad faith. Dismissal, considered a "severe penalty," is only appropriate in "extreme circumstances." U.S. for Use of Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988)(internal citation omitted). Further, Plaintiff did appear in person for the court-ordered settlement conference. While the Court does not condone Plaintiff's conduct, and some form of sanction is appropriate, Defendants have not demonstrated the "extreme circumstances" necessary to justify dismissal.

The dismissal cases upon which Defendants rely are distinguishable. In each the plaintiff willfully violated court orders to appear for deposition. See Collins v. Illinois, 554 F.3d 693, 696 (7th Cir. 2009) (finding case dismissal an appropriate sanction when "the party's actions [during discovery] displayed willfulness, bad faith, or fault"); Henry v. Gill Industries, Inc., 983 F.2d 943, 949 (9th Cir. 1993) (holding that dismissal was a proper sanction where plaintiff refused for eight months to be deposed, previous sanctions failed, and plaintiff otherwise thwarted discovery); and Hyde & Drath v. Baker, 24 F.3d 1162, 1173 (9th Cir. 1994) (affirming dismissal of complaint was proper after clients repeatedly failed to attend court-ordered depositions).

## CONCLUSION

Defendants' request for terminating sanctions against Plaintiff is therefore DENIED. Lesser sanctions, including attorney's fees and costs, will be determined after the May 3, 2012 hearing. In the meantime, Plaintiff shall appear with her attorney for her deposition at the date, time and place requested by Defendants. Plaintiff and her counsel are warned that

failure to appear for her deposition as requested by Defendants in good faith may result in dismissal with prejudice of her claims.

**IT IS SO ORDERED.**

Dated:  April 26, 2012                                    _____
                                                                              JACQUELINE SCOTT CORLEY
                                                                              UNITED STATES MAGISTRATE JUDGE