United States District Court
Northern District of California

1
2
3
4
5
6
7       IN THE UNITED STATES DISTRICT COURT
8       FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10
11  ZHI YANG ZHOU, et al.,                    Case No.: 09-6059 JSC
12              Plaintiffs,                   **ORDER GRANTING IN PART
                                              DEFENDANTS' MOTIONS FOR
13         v.                                 DISCOVERY SANCTIONS (Dkt. Nos.
                                              82, 87)**
14  JIANG DAVID, et al.,
15
16              Defendants.
17

18          Now pending before the Court are Defendants' motions for sanctions for the failure of

19  Plaintiffs Xue Yun Chen and Tony Chen to appear for their depositions.  (Dkt. Nos. 82, 87.)

20  The Court previously denied Defendants' request for terminating sanctions against Xue Yun

21  Chen, but deferred ruling on alternative sanctions, such as attorney's fees and costs.  (Dkt. No.

22  99.)  After carefully considering the pleadings and evidence submitted by the parties, and

23  having had the benefit of oral argument on May 10, 2012, the Court DENIES Defendants'

24  motion for terminating sanctions against Tony Chen, but GRANTS monetary sanctions

25  against Plaintiffs' attorney Adam Wang for the scheduled March 19, 2012 deposition of Xue

26  Yun Chen and against Tony Chen for not appearing for his April 4, 2012 deposition.

27  //

28  //

**DISCUSSION**

Defendants seek sanctions because Xue Yun Chen failed to appear for depositions on January 25, February 1, and March 19, 2012, and Tony Chen failed to appear for depositions on January 25, February 1, and April 4, 2012.  Federal Rule of Civil Procedure 37(d) permits a court to impose sanctions if: "A party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).  These sanctions can include an award of attorney's fees and costs, even when the failure to appear was negligent rather than willful.  Lew v. Kona Hosp., 754 F.2d 1420, 1426 (9th Cir. 1985).  Monetary sanctions can be awarded against the non-appearing party, the attorney advising that party, or both.  Fed. R. Civ. P. 37(d)(3).

Defendants previously sought sanctions regarding the January 25 and February 1 deposition dates (Dkt. No. 71), on which the Court ruled. (Dkt. No. 80.)  The Court now considers 1) whether Tony Chen's failure to appear for his April 4 deposition is egregious enough to justify terminating sanctions against Tony Chen and 2) whether these Plaintiffs and/or their counsel Mr. Wang should reimburse Defendants' attorney's fees and costs incurred because of the last-minute notice that Tony Chen and Xue Yun Chen could not attend their third-scheduled depositions.

**A. The January 25 and February 1 Depositions**

Plaintiffs Xue Yun Chen, Tony Chen, and Zhi-Yang Zhou failed to appear for their January 25, 2012 depositions; accordingly, the parties agreed to reschedule the depositions to February 1, 2012.  As detailed in the Court's previous order (Dkt. No. 80), the untaken depositions on February 1, 2012 were entirely the fault of Mr. Wang, who scheduled a court appearance in another case at the exact time he had agreed to appear at Defendants' counsel's office to defend the depositions of his clients.  Tony Chen, who lives in Iowa, flew to California and appeared as scheduled for this deposition. (Dkt. No. 87 at 4.)  Despite advance notice of his concurrent court appearance, Mr. Wang made no efforts to reschedule the depositions or to give his clients and Defendants prior notice of his unavailability.  But for Mr. Wang's failure, Mr. Chen would have been deposed on February 1, 2012.

United States District Court
Northern District of California

1    At the Case Management Conference on February 16, 2012, the Court ordered

2    Plaintiffs Zhi Yang Zhou, Xue Yen Chen, and Tony Chen to appear for their depositions with

3    counsel on March 19, 2012.  (Dkt. No. 73.)  Zhi Yang Zhou attended this deposition on March

4    19, 2012, but as detailed below, both Xue Yun Chen and Tony Chen did not.

5        **B.   Xue Yun Chen**

6        In response to Defendants' motion for sanctions, Xue Yun Chen submitted a

7    declaration representing that in "October 2011, [she] went back to China because her elderly

8    mother was ill and [she] needed to attend at her bedside." (Dkt. No. 96 ¶ 3.)  At that time she

9    had decided to drop her case because of her Buddhist beliefs.  (Id. ¶ 2.)  While in China, and

10   after discussing her case with her family, she decided she did, in fact, want to pursue her case.

11   (Id. ¶ 4-5.)   Accordingly, when she "was informed that the Court set a third Settlement

12   Conference[1] on April 5, 2012, [she] decided to cancel [her] plan for a prolonged stay in

13   China" and returned to the United States.  (Id. ¶ 6.)

14       Ms. Chen's declaration raises more questions than it answers.  Although she was in

15   China and thus unavailable, Plaintiffs' counsel agreed to schedule Ms. Chen's deposition on

16   January 27, February 1, and then again on March 19.  Counsel never advised opposing

17   counsel or the Court that Ms. Chen was in China.  Indeed, Mr. Wang "did not inform

18   Defendants' counsel of [Ms. Chen's] absence until after the deposition of deponent Zhi-Yang

19   Zhou was taken" on March 19, 2012. (Dkt. No. 82 at 7.)  At oral argument on May 10, the

20   Court inquired of Mr. Wang as to why he did not advise Defendants that his client was

21   unavailable and instead required Defendants to incur the cost and inconvenience of her

22   repeated failures to appear.  Counsel replied that he had not been able to contact his client and

23   did not want to reveal that situation to Defendants.  Ms. Chen's declaration confirms that Mr.

24   Wang was not in contact with her as she does not even acknowledge her missed depositions;

25   instead, she appears to have only been aware of the April 5, 2012 settlement conference.

26

27   _____

28   [1]  Defendants note—and the Court agrees—that Plaintiffs improperly referenced settlement
     negotiations in their briefing. (Dkt. No. 97 at 2.)  The Court did not consider this information
     in deciding the issues addressed in this Order.

3

United States District Court
Northern District of California

1    In any event, counsel's excuse for scheduling and then failing to cancel Ms. Chen's

2    depositions is unreasonable.  Even if Mr. Wang did not know Ms. Chen was in China prior to

3    scheduling the January 27 deposition, he knew prior to the deposition that he had not

4    communicated with her and thus that she would not appear.  The same is true for the

5    rescheduled (and then missed) February 1 deposition and the rescheduled (and then missed)

6    March 19 deposition.  Mr. Wang's inability to communicate with Ms. Chen for months should

7    have been communicated to Defendants; instead, Mr. Wang continued to schedule depositions

8    and have Defendants incur the costs and expense of Ms. Chen's non-appearance.

9    Accordingly, the Court finds that Plaintiffs' counsel Mr. Wang should pay Defendants'

10   attorney's fees and costs incurred as a result of Ms. Chen's failure to appear, again, on March

11   19.

12       **C.  <u>Tony Chen</u>**

13       As previously explained, Tony Chen did appear for his rescheduled February 1, 2012

14   deposition, but the deposition could not proceed because his counsel, Mr. Wang, was

15   attending a different court proceeding of which he did not advise his clients or opposing

16   counsel.  A mere two days before the March 19 deposition date set at the February 16, 2012

17   case management conference, Mr. Chen filed a motion for a protective order seeking leave to

18   appear by telephone for his deposition on the ground that he resides in Iowa and the cost and

19   time required to fly back to California are a hardship.  (Dkt. No. 77.)  The Court denied the

20   motion but permitted Mr. Chen's deposition to be continued to April 4, 2012 to coincide with

21   the April 5, 2012 settlement conference.  (Dkt. No. 79.)  On April 3, 2012, just one day before

22   Mr. Chen's scheduled deposition, Mr. Chen again moved for permission to be deposed by

23   telephone and asserted that he could not return to California for either a deposition or

24   settlement conference until after April 17, 2012 as his business partner had been in China for

25   the previous month and would not return until that time. (Dkt. No. 86.)  The Court again

26   denied this request, noting that all plaintiffs had notice of the settlement conference since

27   February, and Mr. Chen surely had prior notice of his business partner's month-long travel to

28

4

another country.  (Dkt. No. 88.)  Mr. Chen did not appear for either the deposition or the settlement conference.  (Dkt. No. 87 at 6.)  Defendants accordingly move for sanctions.

In response, Mr. Chen has submitted a declaration stating that he and his business partner operate a small Chinese restaurant in Cedar Falls, Iowa.  (Dkt. No. 94 ¶1.)   In early March his business partner began a prolonged vacation to China.  Since Mr. Chen was aware of the April 5 settlement conference, he asked his partner to postpone his trip, but his partner was unwilling to do so.  (Id. ¶ 2-3.)  Mr. Chen unsuccessfully looked for someone to operate the restaurant so he could return to California but, in the end, decided not to return to California for his deposition and the settlement conference.  (Id. ¶ 3-6.)  He did not make his decision to not attend his deposition and the settlement conference until April 2, 2012.  (Id. ¶ 7.)

Defendants seek dismissal of Mr. Chen's claims as a sanction for his failure to attend his deposition.  Circumstances must "overcome the strong policy favoring disposition of cases on their merits" to justify terminating sanctions.  U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc., 857 F.2d 600, 605 (9th Cir. 1988).  In addition, the "harsh sanction" of dismissal, even for "a party's repeated failure to appear for deposition," is only proper when the failure "is due to the willfulness, bad faith, or fault of the party."  Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang, 105 F.3d 521, 525 (9th Cir. 1997).

The Court must also consider:

(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.

Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994).  Prejudice to the injured party and the ability to address the misconduct with sanctions less drastic than dismissal are the decisive factors in this inquiry.  Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998). The first three factors, as the Court also found in the case of Xue Yun Chen (Dkt. No. 99), weigh in favor of dismissing Tony Chen from this case.  The missed depositions have hampered the speedy resolution of this case, the Court's docket had to

5

United States District Court
Northern District of California

1  accommodate the resulting motions for court-ordered depositions and sanctions, and

2  Defendants have experienced some prejudice by not having Plaintiff's deposition prior to the

3  close of fact discovery and the further settlement conference.  The last two factors, however,

4  weigh in favor of not dismissing Mr. Chen's claims, particularly since the prejudice to

5  Defendants can be addressed through other means.  Though Defendants note that fact

6  discovery closed April 1, 2012 and that any late depositions would prevent Defendants from

7  adequately preparing for trial, at oral argument the Court continued the trial to August 20,

8  2012 in order to alleviate the prejudice to Defendants.

9       The dismissal cases upon which Defendants rely are distinguishable and actually

10  demonstrate that dismissal is not warranted at this time.  In each case the plaintiff willfully

11  violated court orders to appear for deposition.  See Collins v. Illinois, 554 F.3d 693, 696 (7th

12  Cir. 2009) (finding case dismissal an appropriate sanction when "the party's actions [during

13  discovery] displayed willfulness, bad faith, or fault"); Henry v. Gill Industries, Inc., 983 F.2d

14  943, 949 (9th Cir. 1993) (holding that dismissal was a proper sanction where plaintiff refused

15  for eight months to be deposed, previous sanctions failed, and plaintiff otherwise thwarted

16  discovery); and Hyde & Drath v. Baker, 24 F.3d 1162, 1173 (9th Cir. 1994) (affirming

17  dismissal of complaint was proper after plaintiffs repeatedly failed to attend court-ordered

18  depositions).   A terminating sanction is especially unjustified given that Mr. Chen did appear

19  for his deposition on February 1, but the deposition did not go forward because of his

20  counsel's conduct.

21       Monetary sanctions, however, are warranted.  As Mr. Chen chose not to return to

22  California for his deposition, he should pay Defendants' attorney's fees and costs incurred as

23  a result of that decision.  The Court is cognizant that the only reason Mr. Chen had to return

24  again from Iowa is because of Mr. Wang's failure to appear at the February 1 deposition;

25  however, Mr. Wang has already been sanctioned for that conduct.

26       **D.  Calculation of Monetary Sanctions**

27       Defendants request monetary sanctions "as a result of plaintiffs and their counsel's

28  failure to appear for depositions on three separate occasions." (Dkt. No. 82-1 ¶19.)  The Court

United States District Court
Northern District of California

already granted sanctions deemed appropriate for the first two missed deposition dates and accordingly only considers appropriate sanctions for the missed depositions of Xue Yun Chen on March 19, 2012 and Tony Chen on April 4, 2012.  To justify a request for attorney's fees, Civil Local Rule 37–4 requires Defendants to file a declaration that (1) states "the facts and circumstances that support the motion," (2) describes "the efforts made by the moving party to secure compliance without intervention by the Court," and (3) provides documentation that "itemize[s] with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set[s] forth an appropriate justification for any attorney-fee hourly rate claimed."  Civil L.R. 37–4(b).

Here Defendants seek $2195 in attorney's fees and costs attributed to Xue Yun Chen and $2255 in attorney's fees and costs attributed to Tony Chen. (Dkt. Nos. 82-1 at 12, 87 at 14).  For both, Defendants cite a billing rate of $195 per hour and claim 1) one hour of time to address the failure of each to appear for the third deposition, 2) three hours to prepare each sanction motion, 3) two and a half hours each to review Plaintiffs' opposition and prepare a reply, 4) two and a half hours each for a court appearance, and 5) $300 each for court reporter fees. (Dkt. Nos. 82-1 ¶19, 87-1¶21.)  For the cancellation of interpreters, Defendants also claim $140 related to Xue Yun Chen's missed deposition (Dkt. No. 82-1 ¶19 ) and $200 for Tony Chen's missed deposition. (Dkt. No. 87-1¶21& Ex E.)

1.  The Court awards Defendants $390 for the two hours of attorney time needed to address the third missed depositions of Xue Yun Chen and Tony Chen.

2.  Defendants do not comply with L.R. 37-4 in justifying "with particularity" the fees claimed.  For example, Defendants state that fees are claimed for four missed depositions in the case of Tony Chen (Dkt. No. 87-1 at 13) and three missed depositions in the case of Xue Yun Chen (Dkt. No. 82-1 at 12).  The Court has already decided appropriate sanctions to compensate Defendants for attorney fees and costs for the previously missed depositions (Dkt. No. 80) and therefore can only consider fees and costs directly related to the March 19 and April 4 deposition dates.

7

United States District Court
Northern District of California

In particular, it is difficult to apportion out time spent writing sanctions motions directly related to these two dates alone since, as Plaintiffs note, the motion for sanctions previously submitted by Defendants and decided by the Court is "almost identical" to the motions Defendants submitted for these further sanctions.  (Dkt. No. 93 at 5.)  The Court agrees that the new motions do not appear to have any additional legal research or analysis and are in fact almost word-for-word copies of Defendants' previously submitted sanctions motion.  Compare Dkt. No. 71 at 7, IV. Legal Analysis with Dkt. No. 82 at 6, IV. Legal Analysis and Dkt. No. 87 at 6, IV. Legal Analysis.  As Defendants were already compensated for attorney time to draft this initial motion (Dkt. No. 80), the Court finds that, at most, one hour was required for Defendants to make the superficial changes that resulted in the two sanctions motions at hand.  Defendants are therefore awarded $195.

3.   The Court awards Defendants $390 for the one hour per motion the Court finds is reasonable to review and reply to Plaintiffs' extremely short responses to Defendants' sanction motions against Xue Yun Chen and Tony Chen.

4.  Since the sanctions motions against both Xue Yun Chen and Tony Chen were heard at the same time, the Court awards Defendants $487.50 for two and a half hours of attorney time to attend this hearing.

5.  At the hearing on May 10, 2012, Defendants clarified that the anticipated charges from the court reporter for Plaintiffs' missed depositions did not in fact accrue. Consequently, no court reporter fees are awarded.

6.  For cancelled interpreter fees, the Court awards Defendants $140 for Xue Yun Chen's missed deposition and $200 for Tony Chen's missed deposition. [2]

//

//

//

---

[2] The Court notes that at the May 10, 2012 hearing, Defendants quoted higher costs associated with the cancelled interpreters; however, the Court bases its sanctions award on the amounts cited in the declarations submitted by Defendants' counsel.  See Dkt. Nos. 82-1 ¶19, 87-1¶21.

United States District Court
Northern District of California

**CONCLUSION**

Accordingly, the Court GRANTS Defendants' motions for sanctions of attorney's fees and costs and orders Adam Wang to pay $871.25 to Defendants as a sanction for failing to advise Defendants in a timely manner that Xue Yun Chen could not attend the ordered March 19, 2012 deposition and orders Tony Chen to pay Defendants $931.25 for his failure to appear at his April 4, 2012 deposition.  Mr. Wang shall pay his sanction to Defendants on or before May 31, 2012.

Tony Chen and Xue Yun Chen shall appear with their attorney for their depositions on May 14, 2012.  Plaintiffs and their counsel are warned that failure to appear for these depositions as requested by Defendants may result in dismissal with prejudice of their claims.

Finally, trial is continued to August 20, 2012.  The pretrial conference shall be held on August 2, 2012 at 2:00 p.m.

This Order disposes of Docket Nos. 82 and 87.

**IT IS SO ORDERED.**

Dated:  May 11, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

9